AO 241 (09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **MIDDLE (TAMPA)** | |
|---|---|---|
| Name: (under which you were convicted)<br><br>**CANDELARIO HERRERA-VASQUEZ** | | Docket or Case No:<br>8:18-cv-422-T-27T6W<br>**TO BE ASSIGNED** |
| Place of Confinement:<br>**FLORIDA DEPARTMENT OF CORRECTIONS, TAYLOR CORRECTIONAL INST. ANNEX, PERRY, FLORIDA.** | Prisoner No:<br><br>**C08977** | |
| Petitioner (include the name under which you were convicted)<br><br>**CANDELARIO HERRERA-VASQUEZ** | v. | Respondent (authorized person having custody of petitioner)<br><br>**SECRETARY, FLORIDA DEPT. OF CORRECTIONS** |
| The Attorney General of the State of: **FLORIDA** | | |

*CLERK US DISTRICT COURT*
*MIDDLE DISTRICT OF FLA*
*TAMPA FLORIDA*
*2018 FEB 20 PM 12:*
*FILED*

### PETITION

1. (a) Name and location of Court that entered the judgment of conviction you are challenging: **The Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, located at P.O. Box 1110, Tampa, Florida 33601-1110.**

   (b) Criminal docket or case number (if known): **12-CF-010847.**

2. (a) Date of the Judgment of Conviction (if you know): **June 6, 2014.**

   (b) Date of Sentencing: **June 6, 2014.**

3. Length of Sentence: **Life w/o the possibility of parole.**

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: **Count 1, First Degree Murder.**

   _____
   _____
   _____
   _____
   _____
   _____
   _____

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty          ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty              ☐ (4) Insanity plea



AO 241 (09/17)

(b) If you entered a guilty plea to one count or charge and not guilty plea to another count charge, what did you plead guilty to and what did you plead not guilty to? <u>N/A</u>

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

        ☒ Jury ☐ Judge only

7.     Did you testify at a pretrial hearing, trial, or post-trial hearing?

        ☐ Yes ☒ No

8.     Did you appeal from the judgment of conviction?

        ☒ Yes ☐ No

9.     If you did appeal, answer the following:

(a) Name of Court: <u>**The Second District Court of Appeal of the State of Florida**</u>

(b) Docket or Case Number (If you know): <u>**2D14-2774**</u>

(c) Result: <u>**Per Curiam, Affirmed**</u>

(d) Date of result (If you know): <u>**November 20, 2015**</u>

(e) Citation to the case (If you know): <u>***Herrera Vasquez v. State*, 183 So.3d 358 (Fla. 2nd DCA 2015)**</u>

(f) Grounds raised: <u>**The Trial Court reversibly erred by denying Mr. Herrera-Vasquez's first motion to suppress because Mr. Herrera-Vasquez's statements were taken in violation of Mr. Herrera-Vasquez's *Miranda* rights as interpreted by Article I, §§ 9 and 12 of the Florida Constitution, and the Fifth Amendment of the United States Constitution.**</u>

_____

(g) Did you seek further review by a higher Court?    ☐ Yes ☒ No

        If yes, answer the following:

        (1) Name of Court: <u>**N/A**</u>

        (2) Docket or Case Number (if you know): <u>**N/A**</u>

        (3) Result: <u>**N/A**</u>

_____

AO 241 (09/17)

(4) Date of Result (if you know): **N/A**

(5) Citation to the case (if you know): **N/A**

(6) Grounds raised: **N/A**

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or Case Number (if you know): **N/A**

(2) Result: **N/A**

(3) Date of Result (if you know): **N/A**

(4) Citation to the Case (if you know): **N/A**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any State Court?  ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes", give the following information:

(a) (1) Name of Court: **Thirteenth Judicial Circuit Court, Hillsborough County, Florida.**

(2) Docket or Case Number (if you know): **12-CF-010847**

(3) Date of Filing (if you know): **April 22, 2016**

(4) Nature of the proceeding: **Postconviction motion pursuant to Fla. R. Crim. P. 3.850.**

(5) Grounds Raised: **Claim One-Trial court deprived Defendant of his due process rights under state and federal constitutional rights Article I, Section 9 (sic) 5th and 14th amendment. Claim Two- The trial court deprived Defendant of his Double Jeopardy rights under both state and federal Constitutional article 1, Section 9 (sic) his 5th amendment. Claim Three- The trial court's failure to provide reasons sufficient to justify a departure sentence, (sic) it violated defendant's state and federal due process clause Article I, Section 9, No person shall be deprived of life, liberty, or property without due process of law 5th and 14th amendment.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes ☒ No

(7) Result: **Summarily denied without an evidentiary hearing.**

AO 241 (09/17)

(8) Date of Result (if you know): **June 22, 2016 (Mandate following appeal issued on May 1,**

**2017, DCA Case No. 2D16-3151).**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of Court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of Filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion? ☐ Yes ☐ No   **N/A**

(7) Result: **N/A**

(8) Date of Results (if you know): **N/A**

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of Court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of Filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No N/A

(7) Result: <u>N/A</u>

(8) Date of result (if you know): <u>N/A</u>

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition application, or motion?

    (1) First petition:         ☒ Yes ☐ No

    (2) Second petition:    ☐ Yes ☐ No N/A

    (3) Third petition:      ☐ Yes ☐ No N/A

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

<u>N/A</u>

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:  To proceed in the Federal Court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE: <u>The Trial Court reversibly erred by denying Mr. Herrera-Vasquez's first motion to suppress because Mr. Herrera-Vasquez's statements were taken in violation of Mr. Herrera-Vasquez's *Miranda* rights as interpreted by Article I, §§ 9 and 12 of the Florida Constitution, and the Fifth Amendment of the United States Constitution (as presented on direct appeal).</u>**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>Subsequent to his detention by Marion County authorities at a local bus stop, Petitioner was held, handcuffed, and placed into an interview room at the Marion County Police Station. Petitioner was clearly "in custody." At the time when Petitioner was questioned by Detective Lugo, he was not advised of his *Miranda* rights. Although Detective Lugo was in possession of a *Miranda* form, Petitioner was questioned with regard to his identity and his reasoning for traveling to Mexico prior to issuance of any warnings. Detective Lugo either knew or should have known, based upon the nature of the questions, that his inquiries were subject to elicit an incriminating response. It was only after Detective Lugo had elicited such response that he *Mirandized* Petitioner. With regard to the issue of custody, a reasonable person would not have felt that they were free to leave when Detective Lugo began to ask questions pre-*Miranda*. Defense Counsel in this case filed a motion to suppress the pre-*Miranda* statements made by Petitioner as being in violation of the Fifth Amendment and the U.S. Supreme Court's mandate in *Miranda v. Arizona.* Although Detective Lugo testified that his intention in questioning Petitioner was solely to ascertain his identity, the record supports an opposite conclusion and such was argued at the suppression hearing. Because the statements elicited pre-*Miranda* were utilized by the State as evidence of Petitioner's premeditated intent to commit the homicide with which he was charged, the error was not harmless and the Florida Courts  erred  in  denying  Petitioner's motion to suppress, and further erred in denying the subsequent direct appeal proceeding during which Petitioner sought a new trial premised upon the lower tribunal's error in denying the suppression motion.</u>

AO 241 (09/17)

(b) If you did not exhaust your state remedies on Ground One, explain why: **N/A** _____

(c)      **Direct appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why: **N/A** _____

        _____

        _____

(d)      **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

        state trial court?        ☐ Yes ☒ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: **N/A** _____

        Name and location of the court where the motion or petition was filed:  **N/A** _____

        _____

        Docket or case number (if you know): **N/A** _____

        Date of the court's decision: **N/A** _____

        Result (attach a copy of the court's opinion or order, if available): **N/A** _____

        _____

        _____

        (3) Did you receive a hearing on your motion or petition?      ☐ Yes ☐ No N/A

        (4) Did you appeal from the denial of your motion or petition?      ☐ Yes ☐ No N/A

        (5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal? ☐ Yes ☐ No  N/A

        (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: **N/A** _____

        _____

        Docket or case number (if you know): **N/A** _____

        Date of the court's decision: **N/A** _____

        Result (attach a copy of the court's opinion or order, if available): **N/A** _____

        _____

        _____

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

        **N/A** _____

        _____

        _____

        _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: __None__

**GROUND TWO:** __Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution when his attorney presented a knowingly frivolous theory of self-defense as the sole theory of defense in trial, where the act resulting in death was committed nine hours after an alleged confrontation and was clearly not done in order to prevent imminent death or great bodily harm.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In the present case, the sole theory of defense presented at trial was that Petitioner acted in self-defense when he struck and killed the victim of the homicide. As Counsel presented an affirmative defense, it necessarily followed that Petitioner had to have been the person who committed the act which led to the victim's death. The facts adduced at trial concluded that Petitioner and the decedent were roommates, that they had a physical confrontation late at night during which Petitioner was injured, that Petitioner subsequently went to his bedroom with his girlfriend and went to sleep, and that Petitioner arose nearly *nine hours* after the altercation had occurred only to grab a machete, jimmy open the bedroom door to where the decedent had been sleeping, and strike him upon his person numerous times ultimately causing his death. Due to the absence of any *imminent* danger to Petitioner, there was no legal possibility that such facts could ever have supported a claim of self-defense. However, Trial Counsel was deficient for presenting a self-defense theory in such absence. Petitioner was prejudiced, as under the facts known to Counsel, the only possible defense which could have been argued, and the only theory which had any chance of success at lessening the impact of the State's evidence, was that Petitioner's act was not contrived of a premeditated design, but rather, constituted the offense of either Manslaughter or Second Degree Murder due to his heavy alcohol consumption that day and the difficulties which Petitioner and the decedent had recently experienced. Counsel's failure to present a theory specifically targeted toward a verdict on a lesser-included offense which would have authorized the imposition a lighter penalty effectively deprived Petitioner of a fair guilt phase proceeding and all but insured a conviction for First Degree Murder and its *mandatory* Life sentence. Because the jury could not have legally acquitted Petitioner under a self-defense theory, jurors were left with little choice but to convict for First Degree Murder in the absence of any evidence or argument in support of returning a verdict for a lesser.

(b) If you did not exhaust your state remedies on Ground Two, explain why: __Petitioner's failure to exhaust this claim in the state court is excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), as the ground presents a substantial 6th amendment claim of ineffective assistance of counsel-at-trial, and the state court did not provide counsel for Petitioner's initial-review collateral proceeding.__

(c)     **Direct appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: __Ineffective assistance of counsel claim not cognizable on direct appeal.__

AO 241 (09/17)

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?                    ☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>N/A</u>

Name and location of the court where the motion or petition was filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order, if available): <u>N/A</u>

(3) Did you receive a hearing on your motion or petition?            ☐ Yes ☐ No N/A

(4) Did you appeal from the denial of your motion or petition?       ☐ Yes ☐ No N/A

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal? ☐ Yes ☐ No N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order, if available): <u>N/A</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

<u>N/A</u>

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that
you have used to exhaust your state remedies on Ground Two: <u>None</u>

**GROUND THREE: <u>Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and
Fourteenth Amendments of the United States Constitution when his attorney failed to move for a mistrial
premised upon testimony which had been elicited from witnesses during trial which proved that Detective
Lugo committed fraud upon the Court via false testimony he provided during a pre-trial suppression hearing.</u>**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>Prior to trial, Defense Counsel had filed a motion to suppress statements elicited from Petitioner prior to the reading
of *Miranda*. A hearing was held where three witnesses testified on behalf of the State. The first two witnesses were
the first responder to the scene of the crime, and the interpreter who translated the interview from Spanish to
English. The third and most vital witness was Detective Lugo from the Hillsborough County Sheriff's Office.</u>

Detective Lugo had responded with Sergeant Bowman to Marion County to interview Petitioner, but had conducted the majority of the investigation himself. Upon initial contact, Detective Lugo asked Petitioner where he was heading to by bus, to which Petitioner responded "To Mexico." Detective Lugo then questioned Petitioner as to why he was heading to Mexico, to which Petitioner responded "Because the dude that you are going to ask me about, I killed him. There's no need for you to ask me." These and other *pre-Miranda* statements were the subject of the pre-trial motion to suppress. Detective Lugo testified both at the suppression hearing and at trial that he did *not* know Petitioner's real name, that he only had his nickname, and that he only asked the questions he did because he was trying to make sure that he had detained the right person. At the hearing, the Court found Detective Lugo credible and denied the suppression motion because he testified that he did not know Petitioner's real name and was only trying in good faith to ascertain identity. During trial, three law enforcement witnesses (Fitzgerald, Blakely, and Whiteside) provided testimony establishing that Detective Lugo did, in fact, know Petitioner's real name prior to commencement of the interrogation, and thus, committed fraud upon the Court at the suppression hearing when he testified that he only asked Petitioner why he was traveling to Mexico because of name confusion. Defense Counsel acted deficiently when she failed to recognize that proof of this fraud had inadvertently been elicited during the State's case-in-chief, and was further deficient for failing to alert the Court to said fraud and move for both suppression of the pre-*Miranda* statements based upon the fraud and a new trial via mistrial motion. Petitioner was prejudiced by Counsel's error, as had she moved for a mistrial, Detective Lugo's act of fraud would have been exposed, Petitioner's confession would have been suppressed, and a new and fair trial would have commenced absent the introduction of the illegally obtained statement/confession.

(b) If you did not exhaust your state remedies on Ground Three, explain why: **Petitioner's failure to exhaust this claim in the state court is excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), as the ground presents a substantial 6th amendment claim of ineffective assistance of counsel-at-trial, and the state court did not provide counsel for Petitioner's initial-review collateral proceeding.**

(c)    **Direct Appeal of Ground Three**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes ☒No

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

AO 241 (09/17)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No **N/A**

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No **N/A**

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal? ☐ Yes ☐ No **N/A**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**N/A**

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **None**

**GROUND FOUR:  NONE**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**N/A**

(b) If you did not exhaust your state remedies on Ground Four, explain why: **N/A**

(c)   **Direct appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes ☐ No **N/A**

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☐ Yes ☐ No **N/A**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

AO 241 (09/17)

Name and location of the court where the motion or petition was filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order, if available): <u>N/A</u>

(3) Did you receive a hearing on your motion or petition?          ☐ Yes ☐ No N/A

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes ☐ No N/A

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal?   ☐ Yes ☐ No N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order, if available): <u>N/A</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: <u>N/A</u>

AO 241 (09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all ground for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☒No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **Grounds Two and Three have not been presented to the highest state court with jurisdiction to consider the claims. However, this procedural default is excused under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). The claims present a substantial 6th amendment ineffective assistance of counsel claim and the state court did not provide counsel for Petitioner's initial review collateral proceeding.**

    (b)    Is there any ground in this petition that had not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **Grounds Two and Three; See subsection (a) above. (*Martinez*-excused claim)**

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **N/A**

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. **N/A**

AO 241 (09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Office of the Public Defender, 700 E. Twiggs Street, Tampa, Florida 33602, Assistant Public Defenders Jennifer Spradley and Roxanna Smith, Esq.**

(b) At arraignment and plea: **Office of the Public Defender, 700 E. Twiggs Street, Tampa, Florida 33602, Assistant Public Defenders Jennifer Spradley and Roxanna Smith, Esq.**

(c) At trial: **Office of the Public Defender, 700 E. Twiggs Street, Tampa, Florida 33602, Assistant Public Defenders Jennifer Spradley and Roxanna Smith, Esq.**

(d) At sentencing: **Office of the Public Defender, 700 E. Twiggs Street, Tampa, Florida 33602, Assistant Public Defenders Jennifer Spradley and Roxanna Smith, Esq.**

(e) On appeal: **Tim Bower Rodriguez, Special Assistant Public Defender, P.O. Box 9000, Drawer PD, Bartow, Florida 33831**

(f) In any post-conviction proceeding: ***pro se***

(g) On appeal from any ruling against you in a post-conviction proceeding: ***pro se***

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**

(b) Give the date the other sentence was imposed: **N/A**

(c) Give the length of the other sentence: **N/A**

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?      ☐ Yes ☐ No      **N/A**

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* **This petition is being timely-filed within § 2244(d)'s limitations period. On November 20, 2015, Petitioner's conviction and sentence was affirmed by the Second District Court of Appeal on direct appeal, absent express written opinion. On February 18, 2016, when the 90-day period for Petitioner to have filed a certiorari petition in the U.S. Supreme Court expired, the judgment became final. April 22, 2016, after *64* days of § 2244(d)'s limitations period had expired, Petitioner filed a postconviction motion in the lower court under Fla. R. Crim. P. 3.850. The lower court summarily denied this Rule 3.850 Motion on June 22, 2016, and Petitioner appealed the ruling. The Second District Court of Appeal subsequently affirmed the lower tribunal's summary denial, and a Mandate**

AO 241 (09/17)

**issued on May 1, 2017. After this Mandate issued, Petitioner had 301 days remaining of § 2244(d)'s limitations period, or until February 26, 2018 to file his § 2254 Petition in order for it to be timely. As this Petition is being filed prior to February 26, 2018, it is timely under § 2244(d)'s limitations period.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: <u>Issue a Writ of Habeas Corpus with instructions to the Florida Trial Court to conduct <i>de novo</i> jury trial proceedings absent admission of his statements unlawfully obtained in violation of the Fifth Amendment and <i>Miranda v. Arizona</i> or, in the alternative, conduct an evidentiary hearing on his <i>Martinez</i>-excused ineffective assistance of trial counsel claims at which Petitioner may develop the facts necessary to sustain his burden of establishing Trial Counsel's constitutionally ineffective assistance in violation of the Sixth Amendment,</u>

or any other relief to which petitioner may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *February 14, 2018* month, date, year).

Executed (signed) on *February 14, 2018* (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition._____

_____

_____

_____